UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAOLA AMPARO GUZMAN ALFARO,<br><br>      Petitioner,<br><br> v.<br><br>DREW BOSTOCK, et al.,<br><br>      Respondent. | CASE NO. 2:25-cv-01706-KKE-BAT<br><br>**ORDER GRANTING MOTION FOR ORDER TO SHOW CAUSE, DKT. 15, SETTING BRIEFING SCHEDULE, AND GIVING NOTICE OF RIGHT TO CONSENT** |

  Petitioner Paola Amparo Guzman Alfaro filed a petition for writ of habeas corpus on September 4, 2025. Dkt. 1. Petitioner alleges she has been unlawfully detained without a bond hearing in immigration custody at Northwest ICE Processing Center pursuant to a new Department of Homeland Security policy which miscategorizes her as an "applicant for admission." *Id.* On September 15, Petitioner filed an "Application for Issuance of Order to Show Cause," requesting an accelerated briefing schedule for the habeas petition—seven days for a response and another seven for a reply. Dkt. 8. Respondents do not oppose the request for a briefing schedule, but request 30 days for a response to "obtain the necessary documents and information." Dkt. 10. The Court **GRANTS** the motion and sets an accelerated briefing schedule for the reasons that follow.

ORDER GRANTING MOTION FOR ORDER
TO SHOW CAUSE, DKT. 15, SETTING
BRIEFING SCHEDULE, AND GIVING
NOTICE OF RIGHT TO CONSENT - 1

The Court retains discretion to determine when a response to a habeas petition is due. *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985). Petitioner contends that Section 2243 requires a response "within three days unless for good cause additional time, not exceeding twenty days, is allowed." Dkt. 8 at 2. But Respondents are correct that the three-day requirement of Section 2243 is superseded by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that a response is due "within the period of time fixed by the court." Dkt. 10 at 2; *Clutchette*, 770 F.2d at 1474–75. The Rules supersede any prior conflicting procedural law; their promulgating statute provides that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072; *see In re Habeas Corpus Cases*, 216 F.R.D. 52, 53–55 (E.D.N.Y. 2003) (discussing the conflict). The Rules Governing Section 2254 Cases may be applied to other habeas corpus petitions, including Section 2243 cases. *See* Rule 1(b).

In the exercise of its discretion to fix the response deadline, the Court is mindful that Congress has clearly indicated that habeas petitioners are entitled to a prompt ruling. A court considering a habeas application must "*forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243 (emphasis added); *see Fay v. Noia*, 372 U.S. 391, 400 (1963) (habeas is meant to provide a "swift and imperative remedy"); *In re Habeas Corpus Cases*, 216 F.R.D. at 53 ("Undue delay in the disposition of habeas corpus cases is unacceptable.")

Here, there is a basis to accelerate the matter. Petitioner alleges she has been in detention since July 17, 2025, nearly two months, without a bond hearing. The parties' dispute is largely legal, concerning the proper scope of mandatory detention under 8 U.S.C. § 1225, and seems

ORDER GRANTING MOTION FOR ORDER
TO SHOW CAUSE, DKT. 15, SETTING
BRIEFING SCHEDULE, AND GIVING
NOTICE OF RIGHT TO CONSENT - 2

unlikely to require detailed fact development. The detention at issue is the consequence of a new DHS policy which is the subject of multiple challenges in the courts. In the current rapidly-changing immigration law landscape, speedy habeas proceedings are vital.

The Court therefore **ORDERS**:

1. Petitioner's motion at Dkt. 15 is **GRANTED**.

2. Respondents are directed to file a response to the habeas petition by **September 26, 2025.** Any reply is due by **October 2, 2025.** The Clerk shall note the matter for **October 3, 2025**.

3. The parties have a right to consent to the undersigned Magistrate Judge. Consent is voluntary. Counsel for the parties are directed to indicate whether they consent or decline consent **by no later than September 19, 2025,** by emailing Deputy Andy Quach at andy_quach@wawd.uscourts.gov. If the parties consent, the undersigned Magistrate Judge will preside over the entire case through judgment. If the parties decline, the case will remain assigned to District Judge Evanson. If consent is declined and this matter is referred to the undersigned, the Court declines, at this point, to alter the statutory objection period.

DATED this 16th day of September, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING MOTION FOR ORDER
TO SHOW CAUSE, DKT. 15, SETTING
BRIEFING SCHEDULE, AND GIVING
NOTICE OF RIGHT TO CONSENT - 3