UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAOLA AMPARO GUZMAN ALFARO,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>CAMMILLA WAMSLEY, et al.,<br><br>　　　　　Respondent. | Case No. 2:25-cv-01706-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.　INTRODUCTION

Petitioner Paola Amparo Guzman Alfaro, who is currently detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington, brings this immigration habeas action through counsel. Dkt. 1. On August 4, 2025, a Tacoma Immigration Judge ("IJ") issued a decision that the immigration court lacked jurisdiction to conduct a bond hearing because Petitioner was in custody under 8 U.S.C. § 1225(b)(2)(A) of the Immigration and Nationality Act ("INA") and therefore her detention was mandatory. Dkt. 16-5; Dkt. 16-6. In the alternative, the IJ concluded that if he had jurisdiction, he would grant bond in the amount of $17,000 after finding Petitioner did not pose a flight risk or danger to the community. Dkt. 16-5.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Petitioner, who entered the United States without inspection and has resided in the country for over 21 years, claims that she is unlawfully subject to mandatory detention under section 1225(b)(2)(A). Dkt. 1 ¶¶ 1–4; 40–42. Instead, Petitioner argues, she is subject to detention under a separate provision of the INA, 8 U.S.C. § 1226(a), where she is entitled to a bond hearing before an IJ with the possibility of release. *Id.* ¶ 5. The Federal Respondents[1] filed a return, arguing that Petitioner's mandatory detention does not violate the INA because, under the statutory provision's plain meaning, Petitioner is lawfully detained under section 1225(b)(2). Dkt. 14. Petitioner replied, opposing the government's interpretation based on "the statute's text, structure, history, and constitutional backdrop." Dkt. 17 at 2. Petitioner also submitted this Court's recent order in *Rodriguez Vazquez v. Bostock, et al.*, 3:25-CV-05240-TMC, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025), granting summary judgment to members of a certified Bond Denial Class defined as:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

Dkt. 17-1 (citing *Rodriguez Vazquez*, 2025 WL 2782499, at *27). The Court entered final judgment, issuing the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act

*Id.*

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Federal Respondents substitute Cammilla Wamsley for Drew Bostock. *See* Dkt. 14 at 1 n.1. Federal Respondents also note in their Return that Respondent Bruce Scott "is not a federal official or employee and is not represented by the U.S. Attorney's Office." *Id.* n.2.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

Upon review of the relevant record, the Court concludes that Petitioner is a member of the Bond Denial Class. Because the "Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act[,]" Petitioner is unlawfully detained. *See id.* The Court thus GRANTS Petitioner's petition for a writ of habeas corpus. Dkt. 1. Respondents are ORDERED to release Petitioner or require her release upon payment of the bond amount found in the alternative by the Immigration Judge within seven days of this Order.

## II.  BACKGROUND

The facts discussed below are undisputed by the parties. Dkt. 1 at 8–12; Dkt. 14 at 8–9.

Petitioner Guzman Alfaro is a citizen of Mexico who entered the United States from Mexico "without inspection" in 2004. Dkt. 16-1 at 4–5; *see* Dkt. 15 ¶ 4. Petitioner has resided in the United States since and lives in Anchorage, Alaska. *See* Dkt. 16-1 at 5; Dkt. 15 ¶ 8; Dkt. 1 ¶ 40.

On July 17, 2025, Immigration and Customs Enforcement ("ICE") officials arrested Petitioner following an investigation into illegal hiring practices by Petitioner's employer. Dkt. 15 ¶¶ 8–9; Dkt. 16-1 at 3. She was later transferred to NWIPC where she remains detained today pending removal proceedings. Dkt. 15 ¶ 11; Dkt. 16-1 at 5.

ICE issued Petitioner a Notice to Appear that charges her with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an inadmissible noncitizen "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 16-4 at 2. ICE made an initial custody determination that Petitioner was not entitled to bond. Dkt. 16-3 at 2. Petitioner then requested that an IJ review the initial custody determination. *Id.*

On August 4, 2025, a Tacoma IJ determined the court lacked jurisdiction to conduct a bond hearing because Petitioner was in custody under section 1225(b)(2)(A) of the INA and therefore her detention was mandatory. Dkt. 16-5; Dkt. 16-6. In the alternative, the IJ found that if the court had jurisdiction, it would set bond at $17,000. Dkt. 16-5. The IJ also found that Petitioner did not pose a flight risk or danger to the community. *Id.*

On September 4, 2025, Petitioner filed this petition for writ of habeas corpus. Dkt. 1. She raises two claims. First, she alleges that the government's application of section 1225(b)(2)'s mandatory detention provisions to her violates of the INA. *Id.* ¶¶ 53–55. Second, she alleges that the government's mandatory detention of her violates her right to due process. *Id.* ¶¶ 56–59. The Federal Respondents filed a return, arguing that Petitioner's mandatory detention does not violate the INA because, under the statutory provision's plain meaning, Petitioner is lawfully detained under section 1225(b)(2). Dkt. 14. Petitioner replied, opposing the government's interpretation based on "the statute's text, structure, history, and constitutional backdrop." Dkt. 17 at 2. Petitioner also submitted this Court's recent order in *Rodriguez Vasquez v. Bostock, et al.* in support of her reading of the statute and right to be released on the bond issued in the IJ's alternative finding. 3:25-CV-05240-TMC, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025); Dkt. 17-1. The motion is ripe for the Court's review.

### III.    LEGAL STANDARD

Writs of habeas corpus "may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). To succeed on her habeas petition, Petitioner "must show she is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241(c)(3)).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

## IV.    DISCUSSION

Petitioner argues that the application of 8 U.S.C. 1225(b)(2) to her, a noncitizen "who entered the United States without inspection or parole" but was not apprehended upon arrival, violates the INA by mandating her continued detention. Dkt. 1 ¶¶ 53–55; *see* Dkt. 15 ¶ 4; Dkt. 16-1 at 4–5. Petitioner contends that she is instead subject to discretionary detention under 8 U.S.C. 1226(a), which entitles her to a bond hearing before an IJ with the possibility of release. Dkt. 1 ¶ 5. Federal Respondents make no other argument for Petitioner's continued detention than one based on their statutory interpretation of the detention authorities at issue. *See* Dkt. 14 at 9–13.

Whether Petitioner is lawfully detained under section 1225 presents the same legal question that this Court recently answered in *Rodriguez Vazquez*, 2025 WL 2782499. The Court granted summary judgment and entered a declaratory judgment in favor of members of a certified Bond Denial Class, declaring that the "Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id.* at *27. The Court further declared that "the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act." *Id.*

Here, Petitioner is a member of the Bond Denial Class because she is detained at NWIPC; entered the United States without inspection; was not apprehended on arrival upon her last entry into the United States; and was not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time she requested a bond hearing. *See id.*; Dkt. 16-1 at 4–5; Dkt. 16-5 at 2.

For the same reasons that this Court granted Bond Denial Class members declaratory relief, the Court finds that Petitioner is detained under section 1226(a) and not subject to

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

mandatory detention under section 1225(b)(2). *See Rodriguez Vazquez*, 2025 WL 2782499, at *27. Petitioner has thus shown "she is in custody in violation of the" INA. *See* 28 U.S.C. § 2241(c)(3). Accordingly, Petitioner's writ of habeas corpus is GRANTED.[2]

## V. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within 7 days of this Order, Respondents must either release Petitioner Paola Amparo Guzman Alfaro from detention or allow Petitioner's release upon payment of the bond amount found in the alternative by the Immigration Judge in his August 4, 2025 order.

3. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 2nd day of October, 2025.

Tiffany M. Cartwright
United States District Judge

---

[2] Because the Court grants the petition based on Petitioner's unlawful detention under the INA, it declines to reach Petitioner's constitutional claim, now moot, that mandatory detention violates her right to due process. *See* Dkt. 1 ¶¶ 56–59.